INDIANA SERVICE CORPORATION v. KRASENKO.
[No. 12,856.    Filed November 3, 1927.]

1. EVIDENCE.—*Overruling objection to question calling for statements of defendant's agent constituting part of res gestae not error.*—Testimony as to what the defendant's motorman said at the time of an injury to plaintiff by being run over by defendant's street car was admissible, it being a part of the *res gestae*, and, therefore, the overruling of an objection to a question calling for such testimony was not error.  p. 459.

2. EVIDENCE.—*Objections to hypothetical questions properly overruled.*—Objections to hypothetical questions on the ground that there was not sufficient evidence upon which to base such questions were properly overruled when there was some evidence upon which they might be based.  p. 460.

From DeKalb Circuit Court; *William P. Endicott,* Judge.

Action by Chester Krasenko against the Indiana Service Corporation. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*James M. Barrett, James M. Barrett, Jr., R. Earl Peters* and *Phil M. McNagny,* for appellant.

*E. V. Harris* and *Atkinson & Husselman,* for appellee.

THOMPSON, C. J.—Appellee, by his next friend, brought this action to recover damages for personal injuries received as a result of the alleged negligent running over of appellee by appellant.

The complaint alleged that appellee was a child twenty-one months of age; that appellant's motorman carelessly and negligently operated one of its street cars upon and over the track of appellant on John street in the city of Ft. Wayne; that said appellant and its said motorman, at the time of said injury, negligently failed to look and negligently failed to see appellee upon the street, although there was no intervening object or objects to prevent said motorman from seeing appellee; that said motorman was so careless and negligent and reckless in the control and operation of said car at the time of said injury to appellee that he did not know said car struck and ran over appellee until he was so notified by others.

There was a trial by jury and a verdict was returned in favor of appellee in the sum of $2,500.

A motion for a new trial was overruled, and appellant excepted.

The error assigned is the action of the court in overruling appellant's motion for a new trial. The first specific error assigned therein is the overruling

1. of an objection to the following question propounded to the witness Stella Tryce: "What did the motorman say, if anything, at the time?" This question was immediately preceded by other questions

and answers regarding the position of the parties, and what was said and done immediately preceding, and at the time of, the alleged injury. It was a part of the *res gestae,* and there was no error in permitting the witness to answer the question.

Appellant also assigns as one of the causes for a new trial the action of the court in overruling objections to certain hypothetical questions propounded to certain doctors, for the reason, as appellant contends, that there was not sufficient evidence as a basis upon which to predicate said interrogatories. We have examined the records and find there is some evidence therein upon which to base the questions as propounded.

Appellant next complains of the action of the court in giving certain instructions, and also in refusing to give certain ones tendered by appellant. We have carefully considered the instructions given, and, when construed together, they fairly state the law of the case. There was no reversible error in refusing to give the tendered instructions complained of, and the motion for a new trial was properly overruled.

Affirmed.